IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

Harold E. Blackwell, Jr., )
) Civil Action No. 7:11-2475-JMC -KFM
Plaintiff, )
) **REPORT OF MAGISTRATE JUDGE**
vs. )
)
Bank of America Corporation, )
)
Defendant. )
_____ )

This matter is before the court on the defendant's motion to dismiss (doc. 34). The plaintiff, who is proceeding *pro* se, alleges various claims arising from his former employment by Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), which is a wholly-owned subsidiary of defendant Bank of America Corporation. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendant filed its motion to dismiss on November 7, 2011. By order filed November 8, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. On November 14, 2011, this court granted the plaintiff's motion to amend his first amended complaint and found that the plaintiff's original complaint, first amended complaint, and second amended complaint comprised his entire complaint (*see* docs. 1, 10, 30). This court further noted that the defendant could supplement its motion to dismiss on the basis of the newly amended complaint on or before November 21, 2011. The defendant filed its supplemental memorandum in support of the motion to dismiss on November 18, 2011, and another *Roseboro* order was issued on that same date. The plaintiff filed his response in opposition on December 15, 2011, and the defendant filed a reply on December 27, 2011.

**FACTS PRESENTED**

Merrill Lynch is a member of the Financial Industry Regulatory Authority ("FINRA"), which formerly was known as the National Association of Securities Dealers ("NASD") (Gomer decl. ¶ 3). The plaintiff was employed by Merrill Lynch as a financial adviser. As part of his employment, the plaintiff signed a U4 Uniform Application for Securities Industry Registration or Transfer ("U4"), in which he agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . that is required to be arbitrated under the rules, constitutions and by-laws of [FINRA]" (*id.*, ex. A, section 15A, ¶ 5). The plaintiff was registered with FINRA (*id.* ¶4). The plaintiff has not submitted his claims for arbitration and filed his complaint in the instant action on September 15, 2011.

In his amended complaint, the plaintiff alleges he was wrongfully discharged from employment by Merrill Lynch. He alleges a claim for violation of the whistleblower protections set forth in the Sarbanes-Oxley Act (amended comp. ¶¶ 1, 35, 55, doc. 10), a state-law public policy claim (*id.* ¶ 56), a "trespass to chattel" claim (*id.* ¶ 66), a claim for the intentional infliction of emotional distress (*id.* at ¶ 67), and a claim for alleged unfair trade practices (doc. 30).

**APPLICABLE LAW AND ANALYSIS**

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects "a liberal federal policy favoring arbitration agreements," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983), and the FAA is designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). As the Supreme Court has stated, "[d]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989).

As set forth above, upon his employment, the plaintiff signed a U4 Registration Form in which he agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . that is required to be arbitrated under the rules, constitutions and by-laws of [FINRA]" (Gomer decl., ex. A, section 15A, ¶ 5).  The plaintiff's U4 is a valid and binding contract and agreement to arbitrate eligible disputes, *see Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 435 (4th Cir. 2004), and, under FINRA Rule 13200(a), "a dispute must be arbitrated . . . if the dispute arises out of the business activities of a member or an associated person [and] is between or among" members such as the plaintiff and his former employer (def. m. to dismiss, ex. B, FINRA Rule 13200(a); Gomer declaration ¶¶ 3-4 (confirming the plaintiff and his former employer are subject to FINRA's rules)).

As argued by the defendant, all of the plaintiff's allegations and potential causes of action arise from his employment as a FINRA-registered employee .  These are the types of claims contemplated by the arbitration provision in the plaintiff's U4 and FINRA's rules.  Based on the foregoing, plaintiff is required to arbitrate before FINRA the claims he has asserted in this action. *See Kidd v. Equitable Life Insurance Society,* 32 F.3d 516, 520 (11th Cir. 1994) (compelling two present and former securities sales agents, who, like plaintiff in the instant case, had completed and signed a U4 Registration Form, to arbitrate their employment claims against their former and current employer). *See also Haluska v. RAF Financial Corp.*, 875 F. Supp. 825, 829 (N.D. Ga. 1994)(compelling the plaintiff, who had signed a U4 Registration Form, to arbitrate his claims against an NASD (now FINRA) member firm like plaintiff's employer here).

The plaintiff contends that he is not obligated to arbitrate his claims based on FINRA Rule 13200(b), which provides that "[d]isputes arising out of the insurance business activities of a member that is also an insurance company are not required to be arbitrated under the [FINRA Code of Arbitration Procedure for Industry Disputes]" (*see* pl. resp. m. to dismiss at 2, 4; *see also* def. m. to dismiss, ex. B, FINRA Rule 13200(b)).  As argued by the defendant, however, the plaintiff is mistaken because, although the Rule does not define

3

"insurance business activities," courts that have addressed the issue have "narrowly interpreted an identically-worded provision in the former National Association of Securities Dealers[1] Code holding that the exception did not include employment disputes, but only claims that are 'intrinsically insurance' claims." *See PFS Investments, Inc. v. Imhoff,* No. 11-10142, 2011 WL 1135538, at *6 (E.D. Mich. 2011) (citing *In re Prudential Ins. Co. of Am. Sales Practice Litigation*, 133 F.3d 225, 234 (3rd Cir. 1998)). As the Seventh Circuit noted, "[t]he purposes of the exclusion are to keep arbitrators away from issues that are peculiar to insurance, such as reserves, reinsurance, actuarial calculations, rates, coverage, and mandatory terms, and to prevent arbitrators from being swamped with insurance claims . . ." *IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 652 (7th Cir. 2001).

The plaintiff argues that the defendant operated as an insurance company under the names Merrill Lynch Life Insurance Company and Balboa Life Insurance Company (pl. resp. m. to dismiss at 2). However, the plaintiff makes no attempt to draw a nexus between the two alleged insurance companies and his employment. The plaintiff does not allege that he was employed by either of those entities, and he does not deny the undisputed fact that he was employed by Merrill, Lynch, Pierce, Fenner & Smith, Inc., not the two entities he identifies.

Based upon the foregoing, the insurance exception to arbitration does not apply to the plaintiff's employment dispute claims alleged in his amended complaint, and thus FINRA Rule 13200(b) is inapplicable here.

The plaintiff also contends that the court should deny the defendant's motion to dismiss because Section 922 of the Dodd Frank Financial Reform Act of 2009 amends the whistleblower protections set forth in the Sarbanes-Oxley Act ("the SOX Act") and now "excludes disputes with whistleblowers from forced arbitration." The SOX Act provides protection for whistleblowers, stating that publicly traded companies are prohibited from "discharg[ing], demot[ing]," or otherwise harming or threatening an employee because of

---

[1]The National Association of Securities Dealers was a predecessor of FINRA.

a lawful act done by the employee to provide information about company conduct that the employee believes to be unlawful. 18 U.S.C. § 1514A.  As argued by the defendant, the plaintiff's reliance on his SOX claim in arguing that his claims are not subject to arbitration is without merit.

While the Dodd-Frank Act, enacted in July 2010, amended Section 1514A to preclude arbitration of SOX claims, *see* 18 U.S.C. § 1514A(e)(2),[2] that provision does not apply retroactively to an obligation to arbitrate that, like plaintiff's obligation here, existed prior to July 2010. *See Henderson v. Masco Framing Corp.,* No. 3:11-cv-88-LRH, 2011 WL 3022535, at *4 (D. Nev. 2011) (finding that the Dodd-Frank Act's SOX provisions are not retroactive).  By their express terms, the statutory amendments on which plaintiff relies were not effective until "the day after" July 21, 2010, *see* 18 U.S.C. §1514A note and 12 U.S.C. § 5301 note, and here, plaintiff's alleged SOX claim and his obligation to arbitrate that claim arose when he was discharged from employment ten months earlier on September 16, 2009 (amended comp. ¶ 2, doc. 10).  The Supreme Court has made it clear that "'[r]etroactivity is not favored in the law,'" *Landgraf v. USI Film Products*, 511 U.S. 244, 264 (1994) (quoting *Bowen v. Georgetown Univ. Hosp*., 488 U.S. 204, 208 (1988)), and, as a result, there is a "presumption against statutory retroactivity. *Id.* at 270.  Indeed,"[t]he largest category of cases in which . . . the presumption against statutory retroactivity has [been applied] involve[s] new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance," *id.* at 271, and the Supreme Court "has explicitly indicated on numerous occasions that the right of parties to agree to arbitration is a *contractual* matter governed by contract law." *Henderson*, 2011 WL 3022535, at *4 (citing *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1752-53 (2011)) (emphasis in original).

In his opposition, the plaintiff relies on *Pezza v. Investors Capital Corp*., 767 F. Supp.2d 225 (D. Mass. 2011), in which the court found that Section 922 of the Dodd-

---

[2] Pursuant to 18 U.S.C. § 1514A(e)(2), "[n]o predispute arbitration agreement shall be valid or enforceable, if [it] requires arbitration of a dispute arising under this section."

Frank Act applied retroactively. However, as the *Henderson* court concluded after analyzing the *Pezza* decision, the more reasoned analysis supports the conclusion that the provisions do not apply retroactively for the reasons discussed above and as a retroactive application of Dodd-Frank's SOX provisions would "fundamentally interfere with the parties' contractual rights and would impair the 'predictability and stability' of their earlier agreement." *Henderson*, 2011 U.S. WL 3022535, at *4 (citing *Landgraf*, 511 U.S. at 271).

In this case, at the time plaintiff signed his U4 in August 2005 (Gomer decl., ex. A) and at the time his employment was terminated on September 16, 2009 (amended comp. ¶ 2, doc. 10), the parties' contractual expectation was that they would arbitrate, *inter alia*, plaintiff's employment claims, including SOX claims. *See Guyden v. Aetna, Inc.*, 544 F.3d 376, 384 (2nd Cir. 2008)(holding that SOX claims are arbitrable under the Federal Arbitration Act); *Boss v. Salomon Smith Barney Inc.*, 263 F. Supp.2d 684, 685 (S.D.N.Y. 2003) (same). As argued by the defendant, a retroactive revocation of plaintiff's obligation to arbitrate his claims, including his SOX claim, would "impair rights [the parties] possessed when [they] acted." *Landgraf*, 511 U.S. at 280. Based upon the foregoing, this court finds that the Dodd-Frank Act amendments do not apply retroactively to the plaintiff's SOX claim.[3]

Lastly, the plaintiff argues that the defendant should have asked the court to compel arbitration rather than to dismiss his amended complaint. The FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements. 9 U.S.C. § 3. However, the Fourth Circuit has stated that "[n]otwithstanding the terms of § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR*

---

[3]Furthermore, as argued by the defendant, the plaintiff has failed to state a SOX claim. SOX requires the filing of an administrative charge as a prerequisite to bringing a civil suit in federal court. *See* 18 U.S.C. §1514A(b). "A federal district court does not have jurisdiction over a SOX whistleblower claim unless the plaintiff follows these administrative procedures." *Nieman v. Nationwide Mutual Ins. Co.*, 706 F. Supp.2d 897, 907 (C.D. Ill. 2010). The plaintiff's complaint, amended complaint, and second amended complaint do not contain any allegation that the plaintiff exhausted his administrative remedies after his employment was terminated in September 2009. Therefore, the plaintiff has not stated a SOX claim, and the Dodd-Frank Act amendments are irrelevant to the plaintiff's obligation to arbitrate his claims.

*Tropicana Resort, Inc.,* 252 F.3d 707, 709-10 (4th Cir. 2001) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992)). As the Fifth Circuit has recognized, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *See Alford*, 975 F.2d at 1164 (granting motion to dismiss and compelling former employee to arbitrate her Title VII claims based on her signing an NASD registration form) (emphasis in original). *See also Chapman v. Lehman Brothers, Inc.*, 279 F.Supp.2d 1286, 1290 (S.D. Fla. 2003) (granting motion to dismiss and compelling employees to arbitrate their wage and hour claims based on the NASD rules). Here, all of the plaintiff's claims are arbitrable, and, therefore, the case should be dismissed. *See Choice Hotels*, 252 F.3d at 709-10 (noting that motion to dismiss may be a proper motion under 9 U.S.C. § 3 when all of the issues presented are arbitrable).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss (doc. 34) be granted as the parties are bound to arbitrate the claims presented. Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot.

s/ Kevin F. McDonald
United States Magistrate Judge

March 22, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.